PER CURIAM.
Adekemi Daniella Ayeni appeals the summary denial of her Florida Rule of Criminal Procedure 3.801 motion for jail *323 credit. The trial court's calculations are incorrect, and therefore, we reverse and remand for the correction of Ayeni's written sentence to reflect the proper amount of jail credit awarded.
Ayeni pled no contest to various charges and was sentenced to thirty-six months in prison with 196 days of time served credit. Ayeni filed a timely rule 3.801 motion, claiming entitlement to an additional 200 days of time served. The trial court denied the motion, concluding that Ayeni was only entitled to 182 days' credit but had actually received 196 days of time served credit. The trial court calculated the credit as follows:
April 8, 2017 to April 24, 2017 = 20 days
August 21, 2017 to March 1, 2018 = 162 days
Total: 182 days[1]
"A court may correct a final sentence that fails to allow a defendant credit for all of the time he or she spent in the county jail before sentencing as provided in section 921.161, Florida Statutes." Fla. R. Crim. P. 3.801 ; see § 921.161, Fla. Stat. (2018) ("[T]he court imposing a sentence shall allow a defendant credit for all of the time she or he spent in the county jail before sentence.").
The order revoking Ayeni's bond was rendered on August 18, 2017, although it is dated August 21, 2017. We assume the later date is a scrivener's error and that Ayeni's bond was revoked on August 18, 2017. That results in the following jail credit calculations:
April 8, 2017 to April 24, 2017 = 17 days
August 18, 2017 to March 1, 2018 = 196 days
Total: 213 days
Ayeni is entitled to a total of 213 days of credit time served and was only awarded 196 days. Therefore, we reverse for entry of a corrected written sentence that reflects the proper amount of jail credit awarded.
REVERSED and REMANDED.
ORFINGER, WALLIS and GROSSHANS, JJ., concur.

These dates would actually allow credit of 17 days and 193 days for a total of 210 days.